Hearing Scheduled

Date:  July 30, 2003
Time: 8:50 a. m.
Place: Portland

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | |
|---|---|
| In re<br><br>SCOTT LIBERTY,<br><br>    Debtor | Chapter 13<br>Case No. 02-20520 |
| JEFFREY BENNETT and<br>DARLENE COPP,<br><br>    Plaintiffs,<br><br>v.<br><br>SCOTT LIBERTY<br><br>    Defendant. | Adversary Proceeding<br>Case No. 03-02083 |
| SCOTT LIBERTY,<br><br>    Counter and Third Party Plaintiff,<br><br>v.<br><br>JEFFREY BENNETT and THE BENNETT<br>LAW FIRM, P.A.,<br><br>    Counter and Third Party Defendants | |

### JURY TRIAL DEMAND and MOTION FOR REMOVAL OF ACTION TO DISTRICT COURT, AND INCORPORATED MEMORANDUM OF LAW

Scott Liberty demands a jury trial in these proceedings on all matters triable as a matter of law to a jury, and requests that this Court order removal of this action to the District Court on the grounds that adjudication of this action, both for determination of many of the facts pled by Plaintiffs, as well as most of counterclaim, require fact determinations uniquely the province of

a jury determination, and the governing statutes do not give the Bankruptcy Court the power to hear and determine these matters.

In the claim brought against Scott Liberty, the facts pled, and the basis upon which Plaintiffs allegedly have standing, require adjudication of alleged personal injury tort claims, as well as other claims on which, outside of bankruptcy, a jury determination would be required. Scott Liberty has not consented to entry of final judgment by the bankruptcy court on those claims, and has demanded a jury trial. More significantly, Plaintiffs brought their claims as an adversary proceeding, entitling Scott Liberty to counterclaim and bring in third parties. Scott Liberty has done so, in a response that pleads 18 counts against Jeffrey Bennett and the Bennett Law Firm, P.A., almost all of which constitute personal injury tort claims, plainly non-core matters, upon which jury trial has been demanded.

The combination of jury trial demand and personal injury tort claims on all sides (admittedly, on the Plaintiffs' side, pled as facts[1], not counts), makes adjudication of this action in the Bankruptcy Court impractical. For the relief requested by the Plaintiffs to be granted, the Court will have to rule on the unproven tort claims of Jeffrey Bennett and Darlene Copp, to establish that there are in fact claims held by them which should be barred from discharge. The counterclaims and third party claims involve classic jury determinations of fact.

28 U.S.C. § 157(b)(2)(B) prohibits the Bankruptcy Court from adjudicating personal injury tort claims, and § 157(b)(5) requires that these claims be adjudicated in the District Court.

---

[1] Although pled as facts, if determined to be facts by the Bankruptcy Court, Plaintiffs will claim collateral estoppel effect of any such determination for later proceedings, and, consequently, the back door form in which Plaintiffs have brought their tort claims should not hide the reality that Plaintiffs do indeed seek factual findings on the claimed tortious conduct that they have alleged. There is no estimation of claims proceeding necessary here, because there is no proof of claim procedure nor any bankruptcy plan involved. The Seventh Amendment preserves the right to jury determination of facts, and the Bankruptcy Code neither expands nor restricts that right. In re Energy Resources Co., 49 B.R. 278 (Bankr. D. Mass. 1985).

PORT: 476057.1

28 U.S.C. § 1411 provides that the Bankruptcy Code does not displace Scott Liberty's rights to determinations of fact before a jury, where personal injury claims are concerned. Removal to the District Court is mandatory. In re Johns-Manville Corp., 45 B.R. 827 (S.D.N.Y. 1984). The dismissal of the bankruptcy proceedings puts adjudication of the mutual claims involving torts beyond both core and related to jurisdictions, because there is nothing such as confirmation of a plan or proof of claims to which the adjudication is necessary. Compare A.H. Robins Co. v. Pikkinen, 788 F.2d 994 (4th Cir. 1986). The counterclaim plainly seeks adjudication of personal injury claims, and, though sure to be denied, so do many of the fact allegations pled by Plaintiffs, because any findings on those claims would be a de facto substitute for state court proceedings on the same claims. Consequently, the Bankruptcy Court must transfer these claims to the District Court. In re Schepps Food Stores, Inc., 169 B.R. 374 (Bankr. S.D. Tex. 1994). See also In re Green, 241 B.R. 550 (N.D. Ill. 1999), where the debtor's counterclaim, involving common law claims against creditor for conduct during litigation against the debtor, were not related to bankruptcy proceeding or substantive bankruptcy rights, thus transfer to District Court was necessary.

  28 U.S.C. § 157(e), which would permit the Bankruptcy Court to conduct a jury trial, does not apply, because Scott Liberty does not consent to the conduct of a jury trial by the Bankruptcy Court, nor does Scott Liberty consent to entry of a final order by the Bankruptcy Court on any claim or fact that is a noncore matter. Transfer to the District Court is therefore mandatory. In re Metzner, 233 B.R. 919 (E.D. La. 1999); In re Durheim, 215 B.R. 876 (D. Alaska 1997).

  Given that adjudication of personal injury claims must occur in the District Court, this action should be removed to the District Court for adjudication of the tort claims among the

parties, then, to the extent that Plaintiffs show they have such claims, the issue of dischargeability of them in a subsequent bankruptcy filing, which may or may not occur, can be adjudicated in the Bankruptcy Court.

  WHEREFORE, Scott Liberty requests that this entire proceeding be transferred to the District Court, for adjudication of all non-core matters pled by the parties, and for such other, further relief as the Court deems just.

Dated:  July 8, 2003

/s/ Jonathan Piper  
/s/ Jonathan Mermin  
/s/ John P. McVeigh  
Jonathan Piper, Esq.  
Jonathan Mermin, Esq.  
John P. McVeigh, Esq.,  
Attorneys for  Scott A. Liberty

PRETI, FLAHERTY, BELIVEAU, PACHIOS & HALEY, LLC  
One City Center  
P.O. Box 9546  
Portland, ME 04112-9546  
(207) 791-3000

PORT: 476057.1

## NOTICE OF HEARING

A hearing on Defendant's Motion for Removal of Action to District Court is scheduled for 8:50 a.m., July 30, 2003. Written objections to the Motion should be filed with the United States Bankruptcy Court, 537 Congress Street, Portland, ME 04101 on or before July 18, 2003, with a copy to the undersigned counsel for Scott Liberty.

Dated at Portland, Maine this 8th day of July, 2003.

/s/ John P. McVeigh
John P. McVeigh, Esq., Attorney for Scott Liberty
Preti, Flaherty, Beliveau, Pachios & Haley, LLC
One City Center
P.O. Box 9546
Portland, ME 04112-9546
207-791-3000

PORT: 476057.1

## CERTIFICATE OF SERVICE
## FOR ELECTRONIC CASE FILING

  I, John P. McVeigh, hereby certify that I caused a true and correct copy of the Jury Trial Demand and Motion for Removal, with incorporated Notice of Hearing, to be served on the parties at the addresses set forth on this service on the 8th of July, 2003.


Robert Checkoway, Assistant U.S. Trustee
Robert.Checkoway@usdoj.gov

Leonard M. Gulino, Esq.
lgulino@bssn.com sdilios@bssn.com

Michael J. Pearce, Esq.
MJP@MJPMainelaw.com RAP@MJPMainelaw.com

James F. Molleur, Esq.
jim@molleurlaw.com

Peter Fessenden, Esq.
Trustee@chap13.com


DATED: July 8, 2003                /s/John P. McVeigh

PORT: 476057.1