UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
| | |
|---|---|
| In re: | \* |
| | \* **Chapter 13** |
| SCOTT A. LIBERTY, | \* **Case No. 02-20520** |
| | \* |
|   Debtor | \* |
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
| | |
|---|---|
| JEFFREY BENNETT | \* |
|   and | \* **Adv. No. 03-2083** |
| DARLENE COPP, | \* |
| | \* |
|   Plaintiffs | \* |
| | \* |
| v. | \* |
| | \* |
| SCOTT A. LIBERTY, | \* |
| | \* |
|   Defendant | \* |
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ORDER DESIGNATING CORE NATURE OF CLAIMS, DISMISSING COUNTERCLAIMS AND THIRD PARTY CLAIMS, AND DENYING MOTION TO SEVER

    This adversary proceeding was brought by the plaintiffs pursuant to § 349(a) of the Code and under the limited, reserved jurisdiction I retained when Scott Liberty's Chapter 13 case was dismissed. I have previously denied Scott Liberty's motion to dismiss this adversary proceeding.

    The plaintiffs seek a determination, pursuant to § 349(a), that claims that were dischargeable in Scott Liberty's recently-dismissed Chapter 13 case will not be dischargeable in any subsequently-filed bankruptcy proceeding. This action, therefore, concentrates on the circumstances surrounding and the motivations attending Scott Liberty's Chapter 13 filing and the case's dismissal. This adversary proceeding does not address the substance of the plaintiffs' claims against Mr. Liberty, as such. Mr. Liberty, however, has answered and filed counter-claims and third-party claims, including personal

injury claims. He asserts that his counterclaims and third-party claims are matters to which jury trial rights attach, that he does not consent to jury trial in the bankruptcy court and, therefore, that reference must be withdrawn so that these matters can proceed in the United States District Court.

The § 349(a) claims of the plaintiffs are core claims. They arise under the Bankruptcy Code and fit within the confines of 28 U.S.C. 157(b)(2)(I) and (O). Under no stretch of the imagination can they be considered claims to which jury trial rights attach.

Jury trial rights may well attach to Mr. Liberty's counterclaims and third-party claims, but I am dismissing them with this order, <u>sua sponte</u>, because they are without the jurisdiction I retained when I dismissed his Chapter 13 case and, in addition, are not mandatory counterclaims to the § 349(a) action.

The Chapter 13 trustee, who has intervened in this adversary proceeding, has filed a motion seeking to sever Mr. Liberty's counterclaims and third-party claims from the plaintiffs' § 347(a) claims. Because I have independently dismissed those claims <u>sua sponte</u>, the motion to sever is DENIED as moot.

In summary, it is hereby ORDERED and declared that: the plaintiffs' claims are core, non-jury claims; the defendant's counterclaims and third-party claims are dismissed without prejudice; and the motion to sever is DENIED as moot.

It is FURTHER ORDERED that the parties shall, pursuant to applicable rules, prepare and file an agreed pretrial scheduling order within 14 days of the date of this order.

DATED July 16, 2003

/s/ James B. Haines, Jr.

James B. Haines, Jr.
U.S. Bankruptcy Judge